UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R. TODD NEILSON, trustee
of the Estate of Reed Slatkin
and Substantively Consolidated
Affiliates Topsight Oregon,
Inc., and the Reed Slatkin
Investment Club, LP Liquidating
Trust, successor in interest to
the bankruptcy estate of Reed E.
Slatkin and substantively
consolidated affiliates
Topsight Oregon, Inc., and Reed
Slatkin Investment Club, L.P.,

    Plaintiff,

vs.                                     **Case No: 8:05-MC-52-T-23-EAJ**

**MERRY ALEXANDER and
HORTENCE A. LOPEZ,**

    Defendants,

and

**AMSOUTH BANK**,

    Garnishee.
_____/

<u>REPORT AND RECOMMENDATION</u>

    Before the court is the **Judgment Creditor's Motion for Entry of Final Judgment of Garnishment** (Dkt. 16), filed on July 25, 2005, by R. Todd Neilson ("judgment creditor") and directed to garnishee AmSouth Bank.  Under Local Rule 3.01(b), M.D. Fla., and Rule 6(e), Fed.R.Civ.P., AmSouth Bank's response to judgment creditor's motion was due on August 12, 2005.  As of this date, no response has been filed.

According to judgment creditor, on February 25, 2005, he obtained a final judgment from the United States Bankruptcy Court for the Central District of California in the amount of $250,896.51 against Merry Alexander ("judgment debtor"), with interest to accrue at the rate of 3.05% per annum (Dkt. 1 at 3-8). Judgment creditor registered his foreign judgment with this court on May 26, 2005 (Dkt. 1).

This court has granted three motions for writs of garnishment filed by judgment creditor in this case. See Dkts. 3, 10, 13. The writs were issued to garnishees AmSouth Bank, Bank of America N.A, and AmSouth Investment Services.

In its Answer of Garnishee (Dkt. 7), filed on June 15, 2005, AmSouth Bank reported that it is indebted to judgment debtor in the amount of $3,618.17.

Judgment creditor therefore seeks entry of a final judgment of garnishment against garnishee AmSouth Bank in the sum of $3,618.17. In addition, judgment creditor requests that $100.00 be deducted from the available funds to pay the fees of garnishee's counsel. As noted supra, garnishee AmSouth Bank has failed to timely respond to **Judgment Creditor's Motion for Entry of Final Judgment of Garnishment** and is deemed to have no objection to the relief judgment creditor requests. See Local Rule 3.01(b), M.D. Fla.

## Conclusion

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) **Judgment Creditor's Motion for Entry of Final Judgment of Garnishment** be **GRANTED**.

(2) The Clerk of Court be directed to enter judgment in favor of judgment creditor and against garnishee AmSouth Bank in the amount of $3,618.17, with $100.00 to be deducted from this amount to pay garnishee AmSouth Bank's attorney's fees.

Dated: August 25, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. 636(b)(1).